UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WEBGISTIX CORPORATION,

       Plaintiff,

v.

ERIE INSURANCE COMPANY
a/k/a ERIE INSURANCE, and
PETRUZZI INSURANCE AGENCY, LLC,

       Defendants.
_____

**REPORT AND RECOMMENDATION**

13-CV-00289(S)(M)

    This action has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [6, 7].[1] For the following reasons, I recommend that the action be remanded to State of New York Supreme Court, County of Cattaraugus for further proceedings.

**BACKGROUND**

    By Notice of Removal dated March 20, 2013 [1], defendant Erie Insurance Company ("Erie") removed this action from State of New York Supreme Court, County of Cattaraugus to this court, based upon diversity of citizenship. The Notice alleges that defendant Petruzzi Insurance Agency LLC ("Petruzzi") "is a New York limited liability company with its principal place of business in Olean, New York". Id., ¶3.

    28 U.S.C. §1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of

---

[1]  Bracketed references are to CM-ECF docket entries.

the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". Accordingly, by Text Order dated April 3, 2013 [8], I stated that "[o]n or before April 10, 2013, the parties shall show cause why the removal of this action does not violate 28 U.S.C. §1441(b)(2), failing which I will recommend to Judge Skretny that the action he remanded to state court".

Plaintiff's Response to my Order to Show Cause agrees that the action should be remanded [9]. However, Erie's Response [10] states that it "intends to establish that the forum defendant rule should not apply to preclude removal of this case and that Petruzzi's New York State residency should be disregarded for purposes of determining whether this case is properly removable based on improper for fraudulent joinder . . . . We therefore respectfully request that the Court allowed Erie an additional ten (10) days to fully brief this issue and show cause why this case should not be remanded to state court " (id., p. 3).[2]

**ANALYSIS**

While I would ordinarily be inclined to grant Erie the additional time which it requests to brief the issue of Petruzzi's fraudulent joinder, there is no point in doing so, since fraudulent joinder was not alleged in the Notice of Removal, and the time to amend the Notice has expired. See Phillips v. BJ's Wholesale Club, Inc., 591 F.Supp.2d 822, 825-26 (E.D.Va. 2008) ("The petition for removal, however, alleges nothing about fraudulent joinder, but simply asserts diversity jurisdiction . . . . Moreover, if BJ's had requested leave to amend, the court would not have granted the request . . . . [T]he allegation that defendant Harris was fraudulently

---

[2] Petruzzi joins in Erie's arguments [12].

joined is entirely missing from the petition for removal. BJ's did not raise this issue until its response to plaintiff's motion to remand, well beyond the thirty-day time limit for removal. See 28 U.S.C. § 1446(b)); Egger v. Marriott International, Inc., 2011 WL 6133280, *3 (E.D.Pa. 2011) ("the Notice of Removal did not assert that the Corporate Forum Defendants were fraudulently joined . . . . Even if [defendants] had sought to amend, the request would have been denied because completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished to the removal notice").

## CONCLUSION

For these reasons, I recommend that this action be remanded to State of New York Supreme Court, County of Cattaraugus. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by May 2, 2013 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED: April 15, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge